# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:05CR3

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **VS.** ) | **O R D E R** |
| ) | |
| ) | |
| **CANDY SUE PATRICK WOOD** ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion for reduction of sentence and/or to correct criminal history points. The motion is denied.

Defendant argues that "a new amendment that became effective November 1, 2007" (*i.e.* Amendment 709) changed the way her criminal history should be calculated and the new amendment mandates that her criminal history score be recalculated and she be resentenced.

However, Amendment 709 does not concern "a sentencing range that has subsequently been lowered by the Sentencing Commission," that would authorize the Court to reduce a sentence pursuant to 18 U.S.C. § 3582, but instead addresses "two areas of the Chapter Four criminal

history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." **USSG App. C, at 238.** As a result, this Court has no jurisdiction to modify the Defendant's sentence. Alternatively, assuming the Court does have jurisdiction to modify the Defendant's sentence and Amendment 709 had been in effect at the time of Defendant's sentencing in September 2005, a review of the Defendant's criminal history shows that it was correctly calculated at the time she was sentenced and Amendment 709 would have had no effect on that calculation.

     **IT IS, THEREFORE, ORDERED** that the Defendant's motion for reduction of sentence and to correct criminal history points is hereby **DENIED.**

Signed: August 27, 2009

Lacy H. Thornburg
United States District Judge