# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:05-cr-00003-MR-DLH-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) ) CANDY SUE PATRICK WOOD, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion 3742(a)(3) Review of Sentence," which the Court construes as a motion to reduce her sentence based on Amendment 794 of the United States Sentencing Guidelines. [Doc. 186].

On April 7, 2005, the Defendant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. The Defendant was sentenced on September 6, 2005 to a term of 235 months' imprisonment. [Doc. 119]. The Defendant did not file a direct appeal. On January 25, 2016, the Court reduced the Defendant's sentence to a term of

188 months pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Guidelines. [Doc. 183].

On July 22, 2016, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing that Amendment 794 to U.S.S.G. § 3B1.2, which became effective on November 1, 2015, makes her eligible for a minor role adjustment to her sentence. [Doc. 184]. On August 22, 2016, the Court denied the Defendant's motion to vacate without prejudice, noting that the claim that the Defendant purported to raise was in substance one of sentencing relief under 18 U.S.C. § 3852 and that the Defendant had to seek such relief on this claim, if at all, by filing a motion pursuant to that statute. [Doc. 185]. The Defendant now returns to the Court, seeking relief under Amendment 794. [Doc. 186].

The Sentencing Guidelines Manual does not specify Amendment 794 as a retroactively applicable amendment. See U.S.S.G. § 1B1.10(d) (2015). Even assuming that Amendment 794 could be applied retroactively, however, it would not affect the Defendant's sentence. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 in order to provide a list of non-exhaustive factors for the sentencing court to consider in determining whether to apply a mitigating role adjustment. See U.S.S.G. app. C, amend. 794, at 116. Here, the Defendant was far more than a minor or minimal

participant in the subject conspiracy. In fact, the Defendant stipulated in the Plea Agreement that the amount of a mixture or substance containing methamphetamine that was known to or reasonably foreseeable to her was between 1.5 and 5 kilograms. [Doc. 44 at 2]. Thus, Amendment 794 has no bearing on the Defendant's case.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion 3742(a)(3) Review of Sentence" [Doc. 186], which the Court construes as a motion to reduce her sentence based on Amendment 794 of the United States Sentencing Guidelines, is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 6, 2016

Martin Reidinger
United States District Judge